## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**SERGIO GONZALEZ-VARONA,**

    **Plaintiff,**

vs.                                                **CASE NO. 5:09cv267-RS/AK**

**CAPTAIN LEROY MCELROY, et al.,**

    **Defendants.**

_____/

## O R D E R

This cause is before the Court upon referral from the Clerk of Court. Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Local court rules provide that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the appropriate forms have been properly completed and filed by the litigant." N.D. Fla. Loc. R. 5.1(J)(2). Plaintiff must, therefore, submit an "amended complaint," clearly designated as such, on court forms which will be provided to him by the Clerk of Court. Nevertheless, the complaint has been given a review.

It appears that he has stated claims sufficiently against Defendants McElroy and Mitchell, but his only claims against Warden Kent appear related to his response to grievances, which does not create liability. See Manney v. Moore, 151 F.Supp. 2d 976 (N.D. Ill. 2001) (Merely signing a grievance does not create liability where the signer

had no personal involvement in the alleged violations). Unless Plaintiff has facts supporting a claim that Warden Kent denied him medical care or otherwise caused him injury he should leave Kent out of the amended complaint. If he submits an amended complaint limited to the claims against McElroy and Mitchell, as described in the first amended complaint, he may also submit service copies for each defendant to expedite these proceedings.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend the complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint." The amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original complaint. An amended complaint completely replaces all previous complaints and they

are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint containing an original signature with the Court and keep an identical copy for himself.

Plaintiff has also moved for appointment of counsel. (Doc. 3). He has not shown exceptional circumstances to warrant such appointment at this time. See Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990) (appointment of counsel in a 1983 suit is not a right, it is a privilege and is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner).

Accordingly, it is

**ORDERED:**

1. The Clerk of Court is directed to forward to Plaintiff two (2) § 1983 complaint forms along with one additional copy of his complaint, so that Plaintiff can file his amended complaint in its entirety.

2. Plaintiff shall have until **December 23, 2009**, to file an amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. **Failure to comply with the order of this court may result in a recommendation of dismissal of this action.**

4. Plaintiff's Motion to Appoint Counsel (doc. 3) is **DENIED**.

**DONE AND ORDERED** this   **2nd**   day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**