IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


**SERGIO GONZALEZ-VARONA,**

    **Plaintiff,**

**vs.**                                                        **CASE NO. 5:09CV267-RS/AK**

**CAPTAIN LEROY MCELROY, et al,**

    **Defendants.**

    _____/

## O R D E R

Plaintiff has filed an amended complaint, which upon due consideration, does not state adequate claims against Defendants McElroy and Mitchell for service upon them. (Doc. 14). Plaintiff claims that he was subject to chemical agent spray being used against someone else in his unit which aggravated his asthma. He claims that he told Defendants McElroy and Mitchell, who ignored him, until his cell mate called them and told them he was in serious trouble at which time Officer Lanigan called the medical unit. An EKG revealed this his heart rate "was elevated considerably." For relief, he seeks a change in DOC policy that would identify inmates with health problems by "face sheets,"so that they could be removed from an area prior to use of chemical agents; he also seeks nominal damages and punitive damages.

Although the Court instructed him to repeat his claims against these defendants and provide service copies, that instruction was premature. Plaintiff also submitted only one service copy with the amended complaint and he has named two defendants.

There are actually several problems with the claims raised by Plaintiff against these two defendants. He has not provided enough information about their alleged deliberate indifference to go forward on these claims.

Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The concept of deliberate indifference must be more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 511 U.S. 1216, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference. Id. Combining the standards from Farmer and Estelle, the Eleventh Circuit has recently clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000). Thus, information crucial to stating a claim for deliberate indifference are factors like how these defendants knew or should have known that he had a serious need for medical care, how long did it take before a response was made, i.e. when did he go to the medical

**No. 5:09cv267-RS/AK**

unit, and what were the findings by the medical unit that would support his allegations of a serious and unmet medical need. He describes an elevated heart rate, which without more is not a serious medical need. In fact, section 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Despite the wording of § 1997e(e), that "[n]o Federal civil *action* may be *brought*," this circuit has established that the statute limits relief, not causes of action. If there is no physical injury alleged, then mental or emotional monetary damages, as well as punitive damages, cannot be recovered, but declaratory and injunctive relief may be available.[1] Harris v. Garner, 216 F.3d 970 (11th Cir. 2000)[2], *reinstating in part* 190 F.3d 1279 (11th Cir. 1999) and Osterback v. Ingram, et al., No. 00-10558, 263 F.3d 169 (11th Cir. 2001) (Table). 215 F.3d at 1230. Nominal damages may still be recovered even though there are no compensable damages. Slicker v. Jackson, 215 F.3d at 1231, *citing* Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. at 1054.

---

[1] "[C]ompensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000) (emphasis by the court), *citing* Memphis Comm. Sch. Dist, v. Stachura, 477 U.S. 299, 309-310, 106 S.Ct. 2537, 2544, 91 L.Ed.2d 249 (1986) and Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. at 1042, 1052, 55 L.Ed.2d 252 (1978).

[2] Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) was vacated by 197 F.3d 1059, and the Opinion Reinstated in Part on Rehearing by 216 F.3d 970 (11th Cir. 2000), *cert. denied* 121 S. Ct. 2214 (2001). The parts of the panel opinion relevant to this legal issue were reinstated.

**No. 5:09cv267-RS/AK**

Plaintiff has described **no** resulting injury from the alleged actions of these defendants. Also, he seeks injunctive relief which is not available from these defendants. He requests that DOC policy be changed, but these are two corrections officers at Jackson CI who do not have the authority to change policy.

These claims are seriously bordering on the frivolous. The Court will grant Plaintiff one more chance to state his claims with more facts and to perhaps state a claim for relief, but as the amended complaint stands now Plaintiff is suing two defendants for waiting a few hours before taking Plaintiff to a medical unit where the results of this delay was an elevated heart rate. If these are indeed the facts upon which Plaintiff bases his claims, he should consider dismissing this lawsuit.

Accordingly, it is

**ORDERED:**

1. Plaintiff shall on or before **February 19, 2010**, file a second amended complaint as set forth above.

2. Failure to comply with this Order will result in a recommendation to the district judge that this cause be dismissed for failure to prosecute.

**DONE AND ORDERED** this __26th__ day of January, 2010.

         _s/ A. KORNBLUM_
         **ALLAN KORNBLUM**
         **UNITED STATES MAGISTRATE JUDGE**

**No. 5:09cv267-RS/AK**